UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

DEVON LEE STEPHENS,

    Petitioner,

V.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7: 17-61-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Devon Lee Stephens has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In October 2006, Stephens pled guilty to trafficking in cocaine and the Superior Court for the District of Columbia imposed a 36-month sentence to be followed by a five-year term of supervised release. *United States v. Stephens*, 2006 CF2 009581 (D.C. Sup. Ct. 2006).[1] While on supervised release from that offense, in April 2009 Stephens pled guilty to two counts of assault with a dangerous weapon and one count of possession of a firearm by a convicted felon, and the D. C. Superior Court imposed a 60-month sentence to be followed by another term of supervised release. *United States v. Stephens*, 2008 CF3 019476 (D.C. Sup. Ct. 2008).[2]

---

[1] See https://eaccess.dccourts.gov/eaccess/search.page.3.1?x=qZyzL3NHTyOBHSM4flpA131qdjRdqRne0N4VpS2NlsQCmt5j0-UMGxVIGWA33h6u1Zl8yiF4\*93p3tABE5K5Fg (last visited on May 9, 2018).

[2] See https://eaccess.dccourts.gov/eaccess/search.page.3.1?x=qZyzL3NHTyOBHSM4flpA131qdjRdqRne0N4VpS2NlsQCmt5j0-UMG-pq7OXhzxFMMPj\*M2TR8xXly-Hf6otMHQ (last visited on May 9, 2018).

While on supervised release from that offense, in February 2015 Stephens was arrested and charged with trafficking in cocaine. In June 2015, Stephens pled guilty and the D. C. Superior Court imposed a 26-month sentence to be followed by another term of supervised release. *United States v. Stephens*, 2015 CF2 002046 (D.C. Sup. Ct. 2015).[3] Stephens was then transferred to the custody of the Bureau of Prisons ("BOP") to serve this latest sentence. In March 2015, the United States Parole Commission ("USPC") lodged a detainer with the BOP based upon Stephens' violations of the terms of his supervised release. [R. 1-1 at 1; R. 1-2 at 2-4; R. 1-3 at 2-3]

Stephens completed service of his most recent D.C. sentence in February 2017. However, Stephens complains that at that time the BOP retained custody over him pending resolution of proceedings to revoke his supervised release instead of transferring him to federal marshals to perform the same custodial task. In addition, Stephens contends that USPC failed to hold a probable cause hearing within five days as it was required to do under its regulations. Stephens seeks his immediate release from custody. [R. 1-1 at 2-3]

Having thoroughly reviewed the petition and its supporting materials, the Court concludes that Stephens' petition states no viable claim for relief. First, as the Court noted in another matter filed by Stephens, the USPC warrant directed federal officials to hold him in custody "until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody." [R. 1-3]; *Stephens v. Kizziah*, No. 7: 17-40-KKC (E.D. Ky. Feb. 20, 2018). BOP officials therefore properly retained Stephens in their custody until

---

[3] See https://eaccess.dccourts.gov/eaccess/search.page.3.1?x=qZyzL3NHTyOBHSM4flpA131qdjRdqRne0N4VpS2NlsQCmt5j0-UMG8TTWvjLUZoKDIloWasQXzjIqJ6uLYzZcA (last visited on May 9, 2018).

USPC directed that he be transferred for a hearing to determine whether he violated the terms of his supervised release.

Stephens also complains that USPC did not conduct a probable cause hearing within five days. While the USPC warrant application provided to Stephens referred to such a probable cause hearing, it made plain that such hearings would occur only if "you have not been convicted of a new offense." [R. 1-3 at 3] The Parole Commission's regulations clearly state that "[c]onviction of any crime committed subsequent to release by a parolee shall constitute probable cause for the purposes of this section, and no probable cause hearing shall be conducted unless a hearing is needed to consider additional violation charges that may be determinative of the Commission's decision whether to revoke parole." 28 C.F.R. §2.101(e). Because Stephens was convicted of trafficking cocaine in 2015 while on supervised release, that conviction established probable cause and no hearing was required under the regulations.

Accordingly, **IT IS ORDERED** that:

1. Stephens' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated May 10, 2018.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY